UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DWAYNE MOBLEY,

       Petitioner,

v.                                      Case No.  8:05-cv-105-T-17MSS

SECRETARY, DEPARTMENT OF CORRECTIONS,

       Respondent.

_____

### ORDER

      This cause before the court on Dwayne Mobley's 28 U.S.C § 2254 petition for writ of habeas corpus.  Mobley challenges his conviction and sentence for attempted first degree murder and two counts of armed robbery entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida.

**Background**

      On December 10, 2001, Mobley pled guilty in case no. 01-5647 to two counts of robbery with a firearm and attempted first degree murder. On January 28, 2002, he was sentenced to 25 years incarceration on each count, to run concurrently.

      Within 30 days of sentencing, Mobley filed a pro se motion to withdraw his plea, which was docketed February 5, 2002, and summarily denied on February 20, 2002. Mobley did not timely appeal the denial, and the judgment became final 30 days later.

Another plea withdrawal motion was filed March 21, 2002, and denied without an evidentiary hearing on April 17, 2002.[1] Mobley appealed the summary order. On September 4, 2002, the state district court of appeal, treating the appeal as a summary postconviction appeal, silently affirmed the denial of relief in case no. 02-2130. *Mobley v. State*, 827 So. 2d 994 (Fla. 2nd DCA 2002)[table]. The mandate issued October 7, 2002.

On January 7, 2004, Mobley filed an undated pro se motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Following a nonfinal order directing a response by the State and submission of the response, the state trial court denied the rule 3.850 motion without a hearing on July 13, 2004. Mobley appealed, and on November 10, 2004, the state district court of appeal in case no. 2D04-3677, per curiam affirmed the summary denial. *Mobley v. State*, 892 So. 2d 1030 (Fla. 2nd DCA 2004)[table]. Following denial of rehearing, the mandate issued January 6, 2005.

## Present Petition Is Untimely

Mobley filed a pro se 28 U.S.C. § 2254 petition dated January 11, 2005, which is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA imposes a one-year limitations period on all habeas corpus petitions, which in most cases, as in Mobley's, begins to run from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). *Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002). The time during

---

[1] An amended motion to withdraw plea was denied on July 11, 2002.

which a 'properly filed' application for state postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward the limitation period. See 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4 (2000). Under *Artuz*, the Court looks to the state procedural rules governing filings to determine whether an application for state post-conviction relief is "properly filed." *Wade v. Battle*, 379 F.3d 1254, 1259-1260 (11th Cir. 2004).

For purposes of § 2244(d), Mobley's plea-based judgment became final on March 22, 2002, that is, upon expiration of the time for seeking direct review following denial of his first motion to withdraw his plea.[2] Thereafter, Mobley allowed an aggregate period of over a year to elapse which was not tolled before he filed in undated rule 3.850 motion on January 7, 2004.[3] Accordingly, even deeming his rule 3.850 motion "properly filed" for tolling purposes will not assist Mobley because there was no period left to toll.  *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), *cert. denied*, 531 U.S. 991 (2000) ("Under § 2244(d)(2), even properly filed state-court petitions must be pending in order to toll the limitations period. A state-court petition like [Mobley's] 's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). There being

---

[2] Ordinarily, a plea-based judgment in Florida becomes final 30 days later where the defendant does not prosecute a timely appeal. *See McGee v. State*, 684 So. 2d 241 (Fla. 2d DCA 1996) (treating judgment and sentence upon entry of plea as final when time for filing appeal expired); *Gust v. State*, 535 So. 2d 642 (Fla. 1st DCA 1988)(same). In Mobley's case, however, finality was delayed by his lodging a timely 3.170 motion to withdraw his plea within 30 days after sentencing. In Florida, a timely motion to withdraw a plea after sentencing pursuant to Florida Rule of Criminal Procedure 3.170(l) tolls the time for rendition of a final order imposing judgment and sentence until the trial court files a signed, written order disposing of the motion. See Fla. R. App. P. 9.020; *see also, Smallwood v. State*, 911 So. 2d 849, 850 (Fla. 1st DCA 2005).

[3] No earlier constructive filing date is employed, as there is no indicia of reliability in his rule 3.850 motion as to when he delivered the application to prison officials for mailing.

no statutory tolling of the limitations period and no basis to reset his AEDPA time-clock, Mobley's federal petition is subject to dismissal for untimeliness.

The Supreme Court has never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (because respondent assumed equitable tolling applied and because petitioner was not entitled to equitable tolling under any standard, Court assumed without deciding its application for purposes of case).[4]

Mobley has not alleged extraordinary circumstances that entitle him to equitable tolling.

Even if the petition were not time-barred, Mobley would not be entitled to relief for the reasons set out below.

### STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent.

---

[4] The Eleventh Circuit has held that equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when extraordinary circumstances have prevented an otherwise diligent petitioner from timely filing his petition. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001). Equitable tolling is an extraordinary remedy that is typically applied sparingly; however, "it is 'appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence'" *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

*Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

## DISCUSSION

### Ground One

Mobley claims his trial counsel rendered ineffective assistance by not including a charge of discharging a firearm when reading the offenses to which Mobley was entering his plea. Mobley's claim has no merit. A challenge to a guilty plea based on a claim of ineffective assistance of counsel is reviewed using the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

Mobley's burden to prove, by a preponderance of the evidence, that counsel's performance was unreasonable is a heavy one. *See Osborne v. Terry*, 466 F.3d 1298, 1305 (11th Cir. 2006)( citing *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc)). "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)).

In order to establish deficient performance, the petitioner must show that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. The court's review of counsel's performance should focus

on "not what is possible or what is prudent or appropriate, but only [on] what is constitutionally compelled." *Chandler*, 218 F.3d at 1313 (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)). There are no absolute rules dictating what is reasonable performance because absolute rules would restrict the wide latitude counsel have in making tactical decisions. *See Chandler* at 1317.

The test for ineffectiveness is not whether counsel could have done more; perfection is not required. Nor is the test whether the best criminal defense attorneys might have done more. *Chandler* at 1313. Instead the test is ... whether what they did was within the wide range of reasonable professional assistance. *Id.* at n.12( citing *Waters*, 46 F.3d at 1518 (en banc) (citations omitted)).

The court's review of counsel's performance must be highly deferential, and the court must avoid second-guessing counsel's performance. *See Strickland*, 466 U.S. at 689. For a petitioner to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." [5] *Chandler* at 1316. Second, the petitioner must show that deficient performance prejudiced the defense. *Strickland*, at 693-96. To show prejudice in the context of a plea, the defendant must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and [would have] insisted on going to trial." *Hill,* 474 U.S. at 59. *Strickland* counsels that if a defendant fails to make a proper

---

[5] To uphold a lawyer's strategy, the Court need not attempt to divine the lawyer's mental processes underlying the strategy. "There are countless ways to provide effective assistance in any given case." *Strickland*. No lawyer can be expected to have considered all of the ways. *Chandler* at 1316.

showing under one of the prongs, the court need not consider the other prong. 466 U.S. at 697.

Mobley cannot satisfy either of *Strickland*'s prongs. There was no separate offense of discharging a firearm imposed in case no. 01-5647. Although Mobley in his rule 3.850 motion complained his trial counsel did not read him the language regarding the discharge of a firearm in reading him the charges to which he would be pleading, Mobley did not specifically assert that counsel never discussed he was charged with attempted murder and robbery. Nor did he allege counsel did not discuss the factual underpinnings for these charges with him. Neither his rule 3.850 nor his § 2254 allegations, even if proven, suffice to overcome the strong presumption his trial counsel's advice regarding the charges to which he agreed to enter his plea was made in the exercise of professional judgment. *Strickland*, 466 U.S. at 690.

Mobley says the judge did not bring up a charge of discharging a firearm and did not have him acknowledge such a charge. As the state pointed out in its response to his rule 3.850 motion, there was an allegation in the robbery count reflecting that Mobley discharged a firearm. However, Mobley was not charged separately with the offense of discharging a firearm in public.

In the context of a guilty or no contest plea, due process is satisfied if a defendant understands the charges against him, understands the consequences of the plea, and voluntarily chooses to plead guilty or no contest without being coerced to do so. *Stano v. Dugger*, 921 F.2d 1125 (11th Cir. 1991), *cert. denied*, 502 U.S. 835 (1991). In Mobley's rule 3.850 motion, Mobley did not dispute he was aware he was

pleading to attempted first degree murder and two counts of armed robbery. Nor did

he deny that he was aware of the degree of these crimes and the maximum penalty for

each offense when he pled guilty.

In addition, Mobley does not dispute that his discharging the firearm was

included in the state's factual recitation at the plea hearing. Mobley raised no

contention of ignorance concerning the state's claim regarding the discharge of the

firearm when he pled. It is objectively reasonable to conclude, based on the state

record, that his plea was knowing and voluntary.

Ground one does not warrant habeas relief.

Ground Two

Mobley contends the state judge did not give him a chance to be heard before

his sentence was imposed. Subject matter jurisdiction does not lie to entertain this

claim. Although Mobley relies upon the federal rules, he does not allege a constitutional

deprivation. Federal relief is available to correct only constitutional injury. *Wainwright*

*v. Goode*, 464 U.S. 78 (1983). Moreover, there is no constitutional right to allocution.

*See Hill v. United States*, 368 U.S. 424, 428 (1962); *see also, Scrivner v. Tansy*, 68

F.3d 1234 (10th Cir. 1995)(claim of failure to afford allocution raises no constitutional

error cognizable in non-capital federal habeas case).

Moreover, this claim is procedurally barred because Mobley did not preserve

and then raise the constitutional dimension, if any, of his claim on direct appeal. Before

seeking federal habeas relief, a state prisoner to satisfy the exhaustion requirement,

28 U.S.C. § 2254(b)(1), must "fairly present" his claim in each appropriate state court

- 8 -

to alert that court to the claim's federal nature. *See Baldwin v. Reese*, 541 U.S. 27 (2004). A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995).[6]

Dismissal for failure to exhaust is not appropriate because any constitutional claim regarding opportunity for presentation of  mitigation is procedurally barred under state law. *See Coleman v. Thompson*, 501 U.S. 722 (1991)(citing *Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998). In Florida, to preserve an argument for appeal, it must be asserted as the legal ground for the objection, exception, or motion below. *See Archer v. State*, 613 So. 2d 446, 448 (Fla. 1993); *Steinhorst v. State*, 412 So. 2d 332, 338 (Fla. 1982). Moreover, an issue which could have been raised on direct appeal and was not may not be reviewed in a rule 3.850 motion. *Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir.), *cert. denied*, 498 U.S. 832 (1990). Because the constitutional dimension of his claim could have, if at all, been timely raised at sentencing and on direct appeal, his ground is procedurally defaulted. *See e.g., Robinson v. State*, 913 So.2d 514, 524 n.9 (Fla. 2005) (finding claim of trial court error procedurally barred because it should have been raised on direct appeal). This circuit

---

[6] The *Baldwin* Court stated that a petitioner wishing to raise a federal issue in state court can do so "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.' " 541 U.S. at 32.

has long recognized this aspect of Florida law. *See Sullivan v. Wainwright,* 695 F.2d 1306, 1310 (11th Cir.) (claims that could have been or should have been preserved at trial and then raised on direct appeal and were not are procedurally barred), cert. denied, 464 U.S. 922 (1983).

Where, as here, a petitioner has procedurally defaulted a claim by failing to raise it in state court, the claim may be raised in a federal habeas court only if the petitioner can first demonstrate either "cause" and actual "prejudice," *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), or the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent," as contemplated in *Murray*, 477 U.S. at 496. The petitioner must present his allegations of cause to excuse a clear procedural bar in state court. *Id.* at 488.

To show "'prejudice," a petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982). A petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d at 892.

The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Murray v. Carrier*, 477

-10-

U.S. 478, 495-96 (1986) (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Schlup*, 513 U.S. at 324.

Mobley did not show valid cause in the Florida courts to excuse his default. Even if, he could show valid cause, Mobley cannot avoid his default, as the cause and prejudice components are in the conjunctive and thus both must be established to escape the preclusive effect of his procedural default. *Engle v. Isaac*, 456 U.S. 107 (1982). He does not dispute his trial counsel was afforded ample opportunity to present the sentencing court any desired information in support of sentencing mitigation. As pointed out, there is no constitutional right to allocution. *See Hill*, 368 U.S. at 428.

Mobley does not allege and show a fundamental miscarriage of justice will result if his ground is not reached. Review of this claim is also foreclosed by independent and adequate state grounds.

Ground two does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Mobley's petition is denied, with prejudice.  The Clerk is directed to enter judgment against Mobley and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on April 20, 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Dwayne Mobley